**ROBERT CARRIEDO**
**Attorney at Law**
**State Bar No. 108204**
**105 West "F" Street, 3rd Floor**
**San Diego, CA   92101-6036**
**Tel: (619) 232-0900**
**robertcarriedo83@gmail.com**

Attorney for Defendant
Noe Lopez

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Dana M. Sabraw)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>NOE LOPEZ,<br><br>                    Defendant. | Case No. 17cr0086-DMS<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY, TO SUPPRESS STATEMENTS AND FOR FURTHER MOTIONS**<br><br>Date:    February 24, 2017<br>Time:    11:00 a.m.<br>Dept:    Courtroom of Honorable<br>            Dana M. Sabraw |

**PLEASE TAKE NOTICE** that on Friday, February 24, 2017, at 11:00 a.m., or as soon thereafter as counsel may be heard, defendant, Noe Lopez, by and through his counsel, Robert Carriedo, will bring the above-entitled motions.

DATED: February 12, 2017                    Respectfully submitted,


                                                            /s/RobertCarriedo
                                                            **ROBERT CARRIEDO**, Attorney for
                                                            Defendant Noe Lopez

**ROBERT CARRIEDO**
**Attorney at Law**
**State Bar No. 108204**
**105 West "F" Street, 3rd Floor**
**San Diego, CA 92101-6036**
**Tel: (619) 232-0900**
**robertcarriedo83@gmail.com**

Attorney for Defendant
Noe Lopez

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Dana M. Sabraw)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NOE LOPEZ, <br><br> Defendant. | Case No. 17cr0086-DMS <br><br> **POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL FURTHER DISCOVERY, TO SUPPRESS STATEMENTS AND FOR FURTHER MOTIONS** <br><br> Date: February 24, 2017 <br> Time: 11:00 a.m. <br> Dept: Courtroom of Honorable <br> Dana M. Sabraw |

**I.**

### FACTUAL STATEMENT

On or about January 10, 2017, Noe Lopez was named in a four-count Indictment , charged with a violation of Title 21, U.S.C., §§ 841 and 846 - Attempt to Distribute Methamphetamine and Cocaine; Title 18, U.S.C. §201 - Receiving Bribe by Public Official; and Criminal Forfeiture allegations..

**II.**

### TO COMPEL FURTHER DISCOVERY

Mr. Lopez requests the following discovery pursuant to Fed. R. Crim. P. 16:

(A) All written and oral statements made by him. This request includes, but is not limited to any rough notes, records, reports, transcripts or other documents in

which statements of Mr. Lopez are contained.  It also includes the substance or any oral statements which the government intends to introduce at trial, together with any rough notes of any statements.  Mr. Lopez has been given limited discovery thus far.  These documents are discoverable under Federal R. Crim. P. 16(a)(1)(A);

(b) All documents, statements, agents' reports and tangible evidence favorable to Mr. Lopez on the issue of guilt and/or which affects the credibility of the government's case.  This evidence must be produced to Mr. Lopez pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States vs. Agurus, 427 U.S. 97 (1976);

(c) All evidence, documents and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Federal R. Crim. P. 16(a)(1)(B).  Evidence or prior similar acts is discoverable under Fed. R. Crim P. 16(a)(1)(C) and Fed. R. Evid. 404 (b) and 609;

(d) All evidence seized in the case.  These materials are available pursuant to Fed. R. Crim. P. 16(a)(1)(C);

(e) All statements which exculpates Mr. Lopez or any other person whom the government alleges is a co-conspirator with Mr. Lopez.  Any statement which exculpates Mr. Lopez  is discoverable, since the government will argue that statement may be attributed to Mr. Lopez under Fed. R. Evid. 801(d)(2)(E).  See United States v. Konefal, 556 F. Supp. 698, 705, 07 (N.D.N.Y. 1983); United States v. Thevis, 84 F.R.D. 47, 56-57, (N.D.G.A. 1979);

(f) All other real and physical evidence, including photograph books, documents, photographs, tangible and other objects which the government intends to introduce in its case-in-chief.  Photographs taken contemporaneously with the arrest are relevant and material to the defense.  These are discoverable under Fed. R. Crim. P. 16(a)(1);

(g) Any and all results, reports, and other documents pertaining to any fingerprint analysis performed on any exhibit.  This is discoverable under Fed. R. Crim. P. 16(a)(1)©;

(h) Any and all results and reports of scientific tests or experiments, including DEA Forms 7 and 7a. This is available under Fed. R. Crim. P. 16(a)(1)(D). When the case is tried, Mr. Lopez may stipulate to the nature of the contraband, but the DEA laboratory reports must be made available before any stipulation is considered.

(i) Any Jencks (18 U.S.C. sec. 1300) materials, including but not limited to the testimony before the Grand Jury. All materials should be promptly disclosed to the defense to avoid delay at the time of trial and to allow an opportunity to evaluate, and possible conduct further investigation if necessary.

(j) Any and all raw notes made by investigative officers of all witnesses interviewed. United States vs. Harris, 542 F. 2d 1904 (9th Cir. 1976).

## III.

### STATEMENTS IN VIOLATION OF *MIRANDA V. ARIZONA*, 384 U.S. 436 (1966) AND/OR NOT GIVEN VOLUNTARILY SHOULD BE SUPPRESSED

As stated in Miranda v. Arizona, supra:

> "The prosecution may not use statements whethis exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody of otherwise deprived or him freedom of action in any significant way . . . ."

Miranda, 348 U.S. at 444.

As the Supreme Court has recognized, coerced statements are inherently suspect, and methods of coercion are not limited to acts of physical brutality. Since Chambers v. States of Florida, 309 U.S. 227 (1940) this court has recognized that the blood of the accused is not the only hallmark of an unconstitutional inquisition. Blackburn v. Alabama, 361 U.S. 199, 206 (1960). The fact the statements in issue might be considered exculpatory is of no significance.

/ / / /

It should be made clear that a confession may be involuntary on due process grounds even though police complied with the warning and waiver requirements of Miranda v. Arizona, supra. Moreover, the same standard applying to the voluntariness test must be applied to the alleged waiver of Mr. Lopez's rights. The Supreme Court has stated that the totality of all the surrounding circumstances; both the characteristics of the accused and the details of the interrogation must be considered. Some factors taken into account have included the youth of the accused, e.g., Haley v. Ohio, 332 U.S. 596 (1948); lack of education, e.g., Pane v. Arkansas, 356 U.S. 560 (1958); the length of detention, e.g. Chambers v. Florida, 309 U.S. 227 (1940); repeat and prolonged questioning, e.g., Ashcraft v. Tennessee, 332 U.S. 143 (1944); and the deprivation of food or sleep, e.g., Reck v. Pate 367 U.S. 443 (1961). C.F., United States v. Tingle, 658 F. 2d 1332 (9th Cir. 1981). In all of the cases, the courts have determined the factual circumstances surrounding the confession, assessed the psychological impact on the accused, and evaluated the legal significance of how the accused reacted. See, Culombe v. Connecticut, 367 U.S. 568, 603 (1961).

Applying these standards to Mr. Lopez, if it becomes apparent that under, the totality of the circumstances, he did not waive him rights, and him statements were concomitantly involuntary and not the product of a rational intellect or free will, then such statements, if made, should be suppressed.

## IV.

### MR. LOPEZ SHOULD BE ABLE TO FILE FURTHER MOTIONS BASED UPON FACTS AND CIRCUMSTANCES THAT HE FIRST BECOMES AWARE OF BASED UPON FURTHER INFORMATION OR DISCOVERY

Mr. Lopez respectfully requests this Court to grant him leave to make further motions based upon additional information, evidence or discovery occurring prior, during or after this motion date. This, or course, is based upon new or additional information being obtained after the preparation, filing or motion hearing on this matter.

## V.

## <u>CONCLUSION</u>

Defendant Lopez requests the previously discussed motions be granted.

DATED: February 11, 2017

/s/RobertCarriedo

**ROBERT CARRIEDO**, Attorney for
Defendant Noe Lopez

## CERTIFICATION OF SERVICE

I, Robert Carriedo, hereby certify to the best of my information and belief that by having e-filed the Defendant's Notice of Motion and Motion to Compel Discovery, to Suppress Statements and For Further Motions.   I have caused a copy of same to be served via electronic mail upon the following:


David D. Leshner:        David.leshner@usdoj.gov


Dated: February 12, 2017


                              /s/Robert Carriedo

                              **Robert Carriedo**, Attorney for Defendant
                              Noe Lopez