ALANA W. ROBINSON
Acting United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California Bar No.: 207815
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7921
Fax: (619) 546-0510
Email:  david.leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE LOPEZ<br><br>Defendant. | Case No.:  17-CR-0086-DMS<br><br>DATE:       February 24, 2017<br>TIME:       11:00 a.m.<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS FOR DISCOVERY AND TO SUPPRESS STATEMENTS** |
|---|---|

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Alana W. Robinson, Acting United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its opposition to defendant Noe Lopez's motions for discovery and to suppress statements.

/ / /

/ / /

/ / /

/ / /

# I

## STATEMENT OF THE CASE

On January 10, 2017, a grand jury returned a four-count indictment charging defendant Noe Lopez with attempted distribution of methamphetamine (Count 1), attempted distribution of cocaine (Count 2) and receipt of a bribe by a public official (Counts 3 and 4), in violation of 18 U.S.C. § 201(b)(2) and 21 U.S.C. § 841(a)(1).

Defendant Lopez is a U.S. Border Patrol agent. In late 2016, Lopez offered to participate in a drug smuggling venture with an individual ("CS") whom Lopez believed to be a drug trafficker. According to Lopez, while he was duty patrolling the international border, he could retrieve drug-laden backpacks thrown over the border fence and deliver the backpacks to CS in exchange for payment. Unbeknownst to Lopez, CS was cooperating with law enforcement.

On December 6, 2016, Drug Enforcement Administration Agents placed a backpack containing what Lopez believed to be six pounds of methamphetamine immediately north of the border. Lopez retrieved the backpack and placed it in his Border Patrol vehicle. After returning to the Imperial Beach Border Patrol Station, Lopez placed the backpack in his personal vehicle and delivered it to CS. On December 7, CS paid Lopez $3,000.00 for the delivery.

On December 8, 2016, Lopez retrieved what he believed to seven kilograms of cocaine in a backpack that DEA agents had placed immediately north of the border. Lopez delivered the backpack to CS. On December 9, CS paid Lopez $7,000.00 for the delivery.

# II

## MOTION FOR DISCOVERY

**A.** **The Government Has Complied With Its Discovery Obligations**

The Government has provided Defendant with discovery and will continue to comply with its discovery obligations. In an attempt at simplification, this memorandum addresses two specific areas of discovery: (1) items which the

Government will voluntarily provide to Defendant and (2) items demanded and discussed by Defendant which go beyond the strictures of Rule 16 and are not discoverable.

### 1.      Items which the Government will provide

The Government will disclose to Defendant and make available for inspection, copying or photographing: any relevant written or recorded statements made by Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and that portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent.  The Government also will disclose to Defendant the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial.

The Government will permit Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant.

The Government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence during its case-in-chief at trial.

The Government has furnished to Defendant a copy of his prior criminal record, which is within its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

The Government will disclose the terms of all agreements (or any other inducements) with cooperating witnesses, if any are entered into.

The Government may disclose the statements of witnesses to be called in its case-in-chief when its trial memorandum is filed.

The Government will disclose any record of prior criminal convictions that could be used to impeach a Government witness prior to any such witness' testimony.

The Government will disclose in advance of trial the general nature of other crimes, wrongs, or acts of Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

The Government acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); the Jencks Act; and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.

**2.     Items which go beyond the strictures of Rule 16**

**a.     Specific Brady information**

It is well-settled that prior to trial, the Government must provide a defendant in a criminal case with evidence that is both favorable to the accused and material to guilt or punishment. Brady, 373 U.S. at 87. As the Supreme Court has explained, "a fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence may have affected the outcome of the trial." United States v. Agurs, 427 U.S. 97, 104 (1976). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). A "reasonable probability" is a probability sufficient to undermine

4

confidence in the outcome. <u>Pennsylvania v. Richie</u>, 480 U.S. 39, 57 (1987) (citation omitted).

The Supreme Court has repeatedly held that <u>Brady</u> did not create a rule of discovery; rather, it is a rule of fairness based upon the requirement of due process. <u>Bagley</u>, 473 U.S. at 675 n. 6. The <u>Bagley</u> Court's analysis of the scope and purpose of the <u>Brady</u> rule is instructive:

> Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. [footnote omitted].  Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial: For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose . . . but to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.

<u>Id.</u> at 675 (emphasis added, citation omitted).

### b.    <u>Disclosure of witness information</u>

With respect to potential Government witnesses, the Government will provide Defendant with the following items prior to any such individual's trial testimony:

(1)    The terms of all agreements (or any other inducements) it has made with cooperating witnesses, if they are entered into;

(2)    All relevant exculpatory evidence concerning the credibility or bias of Government witnesses as mandated by law; and,

(3)    Any record of prior criminal convictions that could be used to impeach a Government witness.

The Government opposes disclosure of rap sheet information of any Government witness prior to trial. See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). Furthermore, any uncharged prior misconduct attributable to Government witnesses, all promises made to and consideration given to witnesses by the Government, and all threats of prosecution made to witnesses by the Government will be disclosed if required by Brady and Giglio.

### c. Government reports, summaries and memoranda

Rule 16 specifically exempts from production "reports, memoranda, or other internal government documents made by the attorney for the government or other government agent in connection with the investigating or prosecuting of the case." Rule 16(a)(2). This subsection exempts from disclosure documents prepared by government attorneys and agents that would otherwise be discoverable under Rule 16. United States v. Fort, 472 F.3d 1106, 1110 & n.2 (9th Cir. 2007).

Notwithstanding Rule 16(a)(2), and without waiving the right to withhold reports exempted from disclosure under the rule, the Government has produced reports generated in connection with the investigation or prosecution of this case to assist Defendant in his preparation of a defense.

### d. Addresses and phone numbers of Government witnesses

While the Government may supply a tentative witness list with its trial memorandum, it objects to providing home addresses and telephone numbers. See United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for addresses of Government witnesses).

### e. Personnel files of federal agents

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate standard of materiality . . . ." Cadet,

6

727 F.2d at 1467-68.  Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the court for in-camera inspection and review.  In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the personnel files of federal law enforcement witnesses.  The Government will comply with its obligations as set forth in Jennings.

Finally, the Government has no duty to examine the personnel files of state and local officers because they are not within the possession, custody or control of the Federal Government.  United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

### f.    Reports of witness interviews

The Government has produced multiple reports of witness interviews notwithstanding that this information is not subject to discovery under the Jencks Act, 18 U.S.C. § 3500.  Reports generated in connection with a witness interview session are subject to production under the Jencks Act only if the witness signed the report or otherwise adopted or approved the report's contents.  See 18 U.S.C. § 3500(e)(1); United States v. Miller, 771 F.2d 1219, 1231-31 (9th Cir. 1985) ("The Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness and to accounts which are substantially verbatim recitals of a witness' oral statements."); United States v. Friedman, 593 F.2d 109, 120 (9th Cir. 1979) (interview report containing a summary of a witness' statements is not subject to discovery under the Jencks Act); United States v. Augenblick, 393 U.S. 248, 354 (1969) (rough notes of witness interview not a "statement" covering entire interview).  Indeed, "both the history of the [Jencks Act] and the decisions interpreting it have stressed that for production to be required, the material should not only reflect the witness' own words, but should also be in the nature of a complete recital that eliminates the possibility of

7

portions being selected out of context." United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992).

### g.    Expert witnesses

The Government will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the Government intends to use during its case in chief at trial pursuant to Fed. R. Evid. 702, 703, or 705 three weeks prior to the scheduled trial date.

### h.    Other discovery requests

To the extent that the above does not answer all of Defendant's discovery requests, the Government opposes the motion on the grounds that there is no authority requiring the production of such material.

## III

## MOTION TO SUPPRESS STATEMENTS

The Court should deny this motion as moot because Defendant did not make a post-arrest statement.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's motions.

DATED:  February 17, 2017                Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney

/s/ David D. Leshner
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )       Case No. 17-CR-0086-DMS
                                    )
                Plaintiff,          )       CERTIFICATE OF SERVICE
                                    )
        v.                          )
                                    )
NOE LOPEZ,                          )
                                    )
                Defendant.          )
_____     )

        IT IS HEREBY CERTIFIED THAT:

        I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

        I am not a party to the above-entitled action.  I have caused service of UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS FOR DISCOVERY AND TO SUPPRESS STATEMENTS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

        Robert Carriedo, Esq.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on February 17, 2017.

                                /s/ David D. Leshner
                                DAVID D. LESHNER

9